## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NORTH DAKOTA

In Re:                                                   Bankruptcy No. 17-30558
                                                         Chapter 7
Ronald G. McMartin, Jr.,
                          Debtor.
_____/

BMO Harris Bank, N.A.
                          Plaintiff,                     Adversary No. 18-07022

        vs.                                              **SECOND AMENDED
                                                         FINAL PRETRIAL ORDER**

Ronald G. McMartin, Jr.,
                          Defendant.
_____/

**IT IS ORDERED:**

**Trial of this adversary proceeding is rescheduled for <u>Tuesday, February 11,
2020 at 9:30 a.m. in Courtroom #3, Second Floor, Quentin N. Burdick United States
Courthouse, 655 First Avenue North, Fargo, North Dakota</u>.  The Court allotted 3
days for trial of this matter.**

**A final pretrial conference will be conducted <u>by telephone</u> on <u>Tuesday,
February 4, 2020 at 10:00 a.m.</u> Please use the following phone instructions:**

Telephonic Conference Instructions:
1) Call **877-336-1839 (toll free)**
2) Enter the Participant Access Code **8843617**
3) Enter the Participant Security Code **4321**
4) After the security code is entered you will be connected into the conference.
5) Please identify yourself after you have joined the conference.

The conference shall be attended by lead counsel for each party, with authorization
to bind the party on all matters addressed at the conference.

## PRIOR TO PRETRIAL

Prior to the date of the final pretrial conference, counsel shall confer in person or by telephone for the purpose of preparing a Statement of Undisputed Facts and examining and marking exhibits as detailed below.  Not later than 24 hours before the Final Pretrial Conference, counsel shall file:

(1)     Statement of Undisputed Facts

(2)     Exhibit List for each party with the opposing party's designations and objections noted on the form; and

(3)     Witness List for each party.

Counsel should also be prepared to discuss:

(1)     Rule 26(a)(3) disclosures and any discovery-related issues.

(2)     Witness testimony

    (A)     number of witnesses

    (B)     whether the witnesses will testify in person, by video conference or written or video deposition.  If deposition testimony will be offered, the parties should be prepared to discuss the deposition designations information requested below.

(3)     Whether the parties do/do not agree to waive exclusion of witnesses from the courtroom pending completion of their testimony.

(4)     Other matters requiring the Court's attention.

Counsel are not required to stipulate or waive anything.  They are required to confer in advance of the conference and prepare the documents listed in this Order.

## A.    EXHIBITS

1.    Not later than **14 days before trial**, the parties shall exchange exhibit lists and trial exhibits.  The exhibit list shall be on a form substantially similar to the sample form attached to this Order and must comply with the following instructions.

*Parties may file their exhibits on the docket.  If they elect to do so, the docket number shall serve as the exhibit number and trial exhibit exchange is accomplished by filing.  If the parties elect to file their exhibits, they must do so **14 days before trial***. Alternatively, parties may offer documents at trial.  If they elect this method, parties must complete the physical marking and numbering of all papers and objects that may be introduced as exhibits prior to the proceedings before the court.  Parties shall mark a copy, rather than an original document, unless there is good cause for offering an original record.  Original documents offered shall be noted accordingly. Upon request, a party shall make the original version of the exhibits available for inspection by other parties.

Exhibits are to be marked with an exhibit sticker using the following protocol:

(a)    Trustee is assigned numbers 1-99.  Exhibits shall be marked: Trustee-1 or T-1, Trustee-2 or T-2, etc.

(b)    Debtor is assigned numbers 101-199.  Exhibits shall be marked: Debtor-101 or D-101, Debtor-102 or D-102, etc.

(c)    Creditors shall begin with number 201.  If there is more than one creditor involved in a hearing or trial, one creditor shall be assigned 201-299, the next creditor shall be assigned 301-399, etc.  Creditors shall use an acronym or word that easily identifies the litigant.  Ex: USA-201 or IRS-201, Bank-301 or US Bank-301, Smith-401, ABC Co-501.

(d)    United States Trustee's exhibits shall be marked alphabetically.  Exhibits shall be marked: UST-A, UST-B, etc.

If exhibits exceed 99 for one or more parties, the parties shall agree on a division of numbers or letters, and the exhibit labels shall clearly identify the party who is offering the exhibit.

Counsel must disclose and list all exhibits relating to an issue on which their client has the burden of proof or the burden of going forward with the evidence.  Each listed exhibit shall be designated as "will offer" or "may offer" on the exhibit list. Documents to be used solely for rebuttal purposes or impeachment need not be numbered or listed until identified at trial.

If a party fails to disclose or list an exhibit required by this order or a procedural rule, the Court will refuse to admit it into evidence unless the party shows good cause for failing to disclose the exhibit.

2.      The parties shall designate which of the opposing party's exhibits they agree may be admitted into evidence for all purposes, which exhibits they agree to waive authenticity and original record objections, and which exhibits will draw objections. These designations shall be appropriately marked on the opposing party's exhibit list form and returned to opposing counsel **at least 24 hours before the final pretrial conference**.

The court strongly encourages such agreement and expects counsel to waive original evidence and authenticity objections unless there is a compelling, specific objection to a particular exhibit.  Stipulations to admissibility or waiver of original record and authenticity objections shall be indicated in the appropriate column on the exhibit list.

The non-offering party shall note objections to admissibility of exhibits by the offering party, by listing the relevant rule(s) of evidence which serve as a basis for the objection in the column marked "objections" on the exhibit list. These objections shall be appropriately marked on the opposing party's exhibit list form and returned to opposing counsel **at least 24 hours before the final pretrial conference**. An objection not so made, except for one under Federal Rule of Evidence 402 or 403, is waived unless excused by the court for good cause.  See Fed. R. Civ. P. 26(a)(3)(B).

If two or more parties mark the same exhibit, the parties shall decide which exhibit will be offered at trial.  The parties ***shall not*** offer duplicative exhibits.

3.      **Not later than 24 hours before the final pretrial conference**, the parties shall file their exhibit lists with the opposing party's designations and objections noted on the form.

4.      **On or before the day of trial**, the parties shall hand-deliver two copies of their marked exhibits to the Court (originally-marked exhibits shall be offered at trial). If a party intends to offer more than 15 exhibits, the copies of the exhibits delivered to the Court shall be tabbed and bound or filed in binders.  *The parties may elect to provide the exhibits electronically, if they intend to offer them electronically at trial. If the exhibits are filed on the docket, there is no need to provide the exhibits to the Court.*

**B.    WITNESS LIST**

1.     Not later than **24 hours before the final pretrial conference**, the parties shall exchange a list of witnesses, separately identifying those witnesses the party will call and those the party may call at trial.  In addition to the full name and address of the witnesses, the parties shall provide a brief one or two-sentence synopsis of the testimony the witness is expected to offer.  Example: "Testimony regarding loan balance." or "Expert testimony regarding fair market value of real property."  The parties shall also describe any special needs (i.e. primary language or disability) of a witness and suggest an appropriate accommodation.  The witness list shall be on a form substantially similar to the form attached to this Order.

2.     **Not later than 24 hours before the final pretrial conference or before the day of trial**, the parties shall file their witness lists.

**C.    DEPOSITION DESIGNATION**

1.     Not later than **14 days before trial**, the offering party shall serve a designation of the portions of any depositions that the offering party expects to present at trial (other than solely for impeachment purposes), and the manner in which each of those depositions was recorded.  A transcript of the pertinent portions of any deposition not stenographically recorded shall accompany the designation.

2.     The other parties shall have **7 days** to file and serve any objections to the use of the deposition under Rule 32(a) and/or to designate additional portions of any deposition appearing on the offering party's list.  Failure to make a specific objection, except for one under Federal Rule of Evidence 402 or 403, is waived unless excused by the court for good cause.

**D.    TRIAL BRIEF AND PRETRIAL MOTIONS**

1.     Motions in Limine and other motions relating to the conduct of the trial must be filed and served not later than **7 days before trial**.

2**.**     Not later than **3 business days before trial**, counsel for the respective parties shall file and serve a trial brief.  The trial brief shall contain:
        a.     a general statement of the case;
        b.     a list of the fact issues to be determined at trial with reference to the burden of proof and a short discussion of evidence to be offered;
        c.     a list of the issues of law to be determined with citations to authority referencing the legal standard and the elements of any claims or affirmative defenses;

      d.      a summary of any nonmonetary or monetary relief sought, including injunctive relief, determination of dischargeability, allowance of a claim, secured status, costs, fees, etc., and the basis of any relief sought;

      e.      an itemized statement of damages, in cases in which damages are relevant; (If the parties agree on damages, they shall submit a stipulated statement of the damages.  If the parties do not agree on damages, each party shall submit an itemized statement on damages.)

      f.      a statement of any evidentiary or procedural problem expected to arise, with citations to authority.

3.      Not later than **24 hours before the Final Pretrial Conference**, counsel for the respective parties shall file a joint stipulation of all uncontested facts.

## E.    COURT-HOSTED SETTLEMENT CONFERENCE

The Court encourages but does not require mediation.  If the parties elect to participate in court-hosted mediation, please submit your request to Sharon Horsager, Courtroom Deputy.  She may be reached at 701-297-7100 or Sharon_Horsager@ndb.uscourts.gov.  Ms. Horsager will make arrangements for a magistrate judge to mediate the dispute, unless the parties specifically request a  bankruptcy judge mediator.

## F.    FAILURE TO COMPLY

1.      The fact that the Court may change dates or schedules that appear in this Order does not change the remaining provisions of the Order.

2.      Failure of counsel to comply with the provisions of this order, may result in dismissal or default, as may be appropriate.

Dated this 8th day of January, 2020.

Shon Hastings, Judge
United States Bankruptcy Court

(12/11)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

## EXHIBIT LIST

Bankruptcy Case No: _____     Bankruptcy Case Title:_____

Adversary Case No.: _____     Adversary Case Title: _____

| EX. NO. | DATE | WITNESS | DESCRIPTION | W I L L  O R  M A Y | * S T I P U L A T E D | O F F E R E D | § O B J E C T I O N | R E S E R V E D | O V E R R U L E D | S U S T A I N E D | W I T H D R A W N | R E C E I V E D |
|---------|------|---------|-------------|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

* - O - Original Record & Authenticity Only
* - A - Admitted into Evidence for all purposes
§ - Federal Rule of Evidence Rule Number

Irregular Exhibits: _____

(12/11)
## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NORTH DAKOTA

WITNESS LIST

Bankruptcy Case Name: _____

Bankruptcy Case No.: _____          Chapter _____

Contested Matter (__)

Adversary Proceeding No.: _____

Adversary Proceeding Title:_____

Witness(es) to be called by: _____

| NAME & ADDRESS | Will/ May Call | SYNOPSIS OF TESTIMONY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Use Additional Sheet(s) For Additional Witnesses

8

ADDITIONAL SHEET

| NAME & ADDRESS | Will/ May Call | SYNOPSIS OF TESTIMONY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |